UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.                                                                          **OPINION AND ORDER**

NIHEEME ANDERSON,                                              7:24-cr-00219 (PMH)

                    Defendant.
-------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Niheeme Anderson ("Defendant") stands charged in a four-count indictment of: (1) possession with intent to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (2) possession with intent to distribute narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (3) possession of firearms and ammunition during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i); and (4) unlawful possession of firearms and ammunition after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 8). Count Four of the Indictment further charges that before the Defendant committed the offense charged in this Count, he "had at least three previous convictions for offenses qualifying under 18 U.S.C. § 924(e)(2) committed on occasions different from one another." (*Id.*). The Parties agree that Defendant has three prior narcotics convictions in violation of Florida Statute § 893.13.

      Pending before the Court is Defendant's letter-motion requesting that the Court make a pre-trial determination that the sentencing enhancements of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), do not apply to him because his three prior convictions under Florida Statute § 893.13 do not constitute serious drug offenses. (Doc. 30, "Def. Mot.").[1] The

---

[1] Defendant also submitted with his letter-motion a Declaration from Dr. Neil K. Garg, a Professor of Chemistry at UCLA ("Professor Garg"). (Doc. 30-1).

Government opposed the letter-motion but agreed that the Court should make a pre-trial determination whether the ACCA applies to the Defendant so that he can understand the maximum and minimum penalties he faces to aid his decision whether to plead guilty or go to trial. (Doc. 31). Defendant then filed reply papers. (Doc. 32).

Because both parties request that the Court make a pre-trial determination whether the ACCA's sentencing enhancements apply to the Defendant, the Court agrees that this issue is ripe for review. *See United States v. Jackson*. No. 13-CR-00142, 2013 WL 4744828 (S.D.N.Y. Sept. 14, 2013) (holding that the defendant's motion for a pretrial ruling regarding the applicability of the ACCA's sentencing enhancements was ripe for review).

For the reasons set forth below, Defendant's motion is DENIED.

## ANALYSIS

Under the ACCA, if a defendant convicted of being a felon in possession of a firearm under Section 922(g) "has three previous convictions . . . for a violent felony or a serious drug offense," a mandatory minimum sentence of 15 years applies. 18 U.S.C. § 924(e)(1). A "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . [as defined in 21 U.S.C. § 802], for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

"If a state statute of conviction is broader than its federal counterpart—that is, if the state statute criminalizes conduct that is not criminalized under the analogous federal law—the state conviction cannot be used to enhance a defendant's sentence under the ACCA." *United States v. Minter*, 80 F.4th 406, 409 (2d Cir. 2023).[2] Courts in the Second Circuit and Eleventh Circuit

---

[2] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

2

apply the categorical approach to determine whether a state law matches conduct involving a controlled substance as defined under federal law. *See Minter*, 80 F.4th at 409; *United States v. Laines*, 69 F.4th 1221, 1233 (11th Cir. 2023). "Under the categorical approach, courts identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions—i.e., the elements—of the offense, and not to the particular underlying facts." *Minter*, 80 F.4th at 409.

Under Florida law, cocaine is defined to include any of its "stereoisomers, and any salt, compound, derivative, or preparation" of cocaine. Fla. Stat. § 893.03(2)(a)(4). Under federal law, cocaine is defined to include its "salts, optical and geometric isomers, and salts of isomers." 21 U.S.C. § 812, Schedule II(a)(4). The term "isomer," in relation to cocaine, means any "optical or geometric isomer." 21 U.S.C. § 802(14). Simply stated, Florida law encompasses "any" stereoisomer of cocaine while federal law covers "optical and geometric isomers." *Laines*, 69 F.4th at 1233-34.

"Isomers are chemical compounds that have the same composition but differ in the chemical arrangement of their constituents. There are two broad types of isomers: stereoisomers—isomers in which the atoms are joined in the same order, but in a different spatial arrangement—and constitutional isomers, which are all other isomers, including what are termed positional isomers." *Minter*, 80 F.4th at 411; *see also United States v. Phifer*, 909 F.3d 372, 377 (11th Cir. 2018) ("Two fundamental types of isomers exist: stereoisomers and constitutional isomers, which are also known as structural isomers. . . . Optical and geometric isomers . . . are sub-types of stereoisomers.").

The parties have not cited any case holding that narcotics convictions under Florida Statute § 893.13(1) do not constitute serious drug offenses under the ACCA.[3] The Court's independent research has also not revealed any such case. Conversely, multiple Florida courts, in various contexts, have concluded that convictions under Florida Statute § 893.13(1) constitute serious drug offenses under the ACCA. *See, e.g., United States v. Smith*, 775 F.3d 1262, 1265-68 (11th Cir. 2014) (holding that the defendant's convictions for sale of cocaine with intent to distribute and possession of cocaine with intent to distribute under Section 893.13(1) were serious drug offenses under the ACCA); *United States v. Joyner*, 882 F.3d 1369, 1377 n.4 (11th Cir. 2018) (noting that the defendant did not dispute that his conviction under Fla. Stat. § 893.13(1) qualifies as a serious drug offense under the ACCA); *United States v. Phillips*, 834 F.3d 1176, 1184 (11th Cir. 2016) (holding that possessing cocaine with the intent to sell is a serious drug offense under the ACCA even though the Florida legislature previously removed a *mens rea* element); *United States v. Laines*, 69 F.4th 1221, 1234 (11th Cir. 2023) (holding under a plain error standard of review that the defendant failed to establish that it was obvious or clear under current law that the district court erred in concluding that his conviction under Section 893.13(1) qualifies as a serious drug offense under the ACCA and rejecting the defendant's argument "that the Florida statute's inclusion of 'any' stereoisomer of cocaine makes it broader than the federal prohibition"); *Williamson v. United States*, No. 24-CV-20140, 2024 WL 1345712, at *4 (S.D. Fla. Mar. 29, 2024) (denying defendant's motion to vacate his sentence under 28 U.S.C. § 2255 because he failed to "show that Fla. Stat. § 893.13 covers an existing cocaine compound that is outside the scope of the federal drug schedules" even though "Florida

---

[3] The Court has not been able to locate decisions in the Southern District of New York or the Second Circuit interpreting whether narcotics convictions under Florida Statute § 893.13(1) constitute serious drug offenses under the ACCA. Therefore, it seems entirely appropriate for the Court to rely on decisions applying the categorical approach from the Eleventh Circuit interpreting this Florida statute.

law prohibits the possession of all stereoisomers of cocaine, whereas federal law only regulates optical and geometric isomers"). *See also Chamu v. U.S. Attorney General*, 23 F.4th 1325, 1330 (11th Cir. 2022) (noting that although the federal statute omits a subcategory of cocaine isomers that the state statute does not, "that omission is meaningless if the subcategory is a null set—if so, the state statute covers exactly the same substances as the federal"); *cf. Minter*, 80 F.4th at 410-11 (holding that the defendant's conviction for the sale of cocaine under New York Penal Law did not qualify as a predicate offense for purposes of the ACCA's sentencing enhancement because New York's definition of cocaine included cocaine isomers other than optical or geometric isomers that the Controlled Substances Act ("CSA") did not include, making New York's definition of cocaine categorically broader than the federal definition).

Defendant attempts to distinguish some of the aforementioned cases by arguing that unlike the parties in those cases, he has submitted evidence of a third form of stereoisomer of cocaine that is distinct from optical and geometric isomers, namely, conformational isomers. (*See* Def. Mot. at 2-3). Therefore, Defendant argues that because Florida's narcotics statute is broader than the federal statute, his prior convictions under the Florida statute cannot be used as predicate offenses under the ACCA.

Defendant, in support of this argument, provides a Declaration from Professor Garg that was originally submitted in *United States v. Daise* in the Middle District of Georgia (the "Garg Declaration"). The defendant there argued that the career offender sentencing enhancement did not apply because the Georgia cocaine statutes underlying his convictions, which allowed convictions for possession of "all stereoisomers of cocaine," was broader than the CSA definition, which included only the "optical and geometric isomers" of cocaine. *United States v.*

*Daise*, No. 21-CR-7, 2023 U.S. Dist. LEXIS 173317, at *3 (M.D. Ga. Sept. 27, 2023).[4] Professor Garg, in support of this argument, expounded upon the various stereoisomers of cocaine and opined that the Georgia definition "may be broader [than] the federal definition." *Id.* Professor Garg stated that the purpose of the declaration was to bring "attention to 'conformational isomers' of cocaine, a third form of stereoisomer that is distinct from optical and geometric isomers of cocaine." *Id.* at *4. The *Daise* court, however, concluded that "Professor Garg fails to adequately explain how he proceeds from his discussion of chemical principles about which the Court does not dispute that he is an expert, to his ultimate conclusion about the breadth of the federal definition of cocaine." *Id.* at *6. The *Daise* court declined to rely on the Garg Declaration because "his opinion lacked sufficient indicia of reliability to be considered." *Id.* at *7. Accordingly, this Court also will not rely on Professor Garg's scientific explanations and conclusions contained in the Garg Declaration that were rejected by the *Daise* court in the first instance.

Even if the Court were to consider the Garg Declaration, Defendant's argument that Florida's narcotics law is broader than federal law would still be unpersuasive. In *United States v. Abarca*, the court denied the defendant's motion to strike the ACCA allegations from the superseding indictment based on his cocaine-related convictions under Fla. Stat. § 893.13(1). No. 22-CR-20505, 2024 WL 1240744, at *13-14 (S.D. Fla. Feb. 26, 2024). Abarca also argued that Florida's definition of cocaine that included any stereoisomers was broader than the CSA that regulates only optical and geometric isomers of cocaine. The *Abarca* court accepted that conformational isomers were a subcategory of stereoisomers distinct from geometric isomers and optical isomers. Nonetheless, the court determined that "the ACCA and the CSA define that non-geometric, non-optical stereoisomer of cocaine as a schedule I controlled substance." *Id.* at *13

---

[4] This decision is only available on Lexis.

(citing 21 U.S.C. §§ 802(6), 802(32), 813(a)).[5] Therefore, the court reasoned that Florida's definition of cocaine was not materially broader than the definition prescribed by federal law. *Id.* at *13-14.

The decision in *United States v. Abarca* is in accord with other courts that have determined that a reference to "any" or "all" stereoisomers of cocaine in a state statute does not render the statute broader than federal law that regulates only optical and geometric isomers of cocaine. *See, e.g., Williamson*, 2024 WL 1345712, at *4; *United States v. Wilkes*, 78 F.4th 272, 279-85 (6th Cir. 2023) (holding that the defendant's Michigan cocaine conviction qualified as a serious drug offense because Michigan's statute was not broader than federal law even though, similar to Florida's law, Michigan law bans cocaine and its stereoisomers and federal law bans cocaine and its optical and geometric isomers); *United States v. Taylor*, No. 20-CR-20449, 2022 WL 3447596, at *7-10 (E.D. Mich. Aug. 17, 2022) (same). Therefore, the Court adopts the analysis in these decisions and concludes that Florida's definition of cocaine is not broader than federal law.

## CONCLUSION

There is no reliable scientific evidence before the Court demonstrating that Florida's narcotics statute for cocaine-related convictions is broader than federal law. There is also no basis for the Court to depart from the prior holdings in the Eleventh Circuit that convictions under Fla. Stat. § 893.13(1) qualify as serious drug offenses under the ACCA. Accordingly, the motion requesting the Court conclude that Defendant's three prior narcotics convictions in

---

[5] The court found that § 802 also defines a "controlled substance analogue" as a substance that has a "chemical structure [that] is substantially similar to the chemical substance of a controlled substance in schedule I or II. 21 U.S.C. § 802(32)(A)(i)." Since Part B of the CSA provides that a controlled substance analogue may be treated as a controlled substance in schedule I, 21 U.S.C. § 813(a), the chemical composition of the conformational isomer precludes it from being a third isomer (and therefore precluding the state statute from being broader) for ACCA purposes.

violation of Florida Statute § 893.13(1) are not serious drug offenses under the ACCA is DENIED. The sentencing enhancements of the ACCA apply to Defendant because his three prior convictions under Florida Statute § 893.13 constitute serious drug offenses.

The Clerk of Court is respectfully directed to terminate the pending letter-motion (Doc. 30).

**SO ORDERED.**

Dated: White Plains, New York
       June 27, 2025

_____
Philip M. Halpern
United States District Judge